**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| BAGLEY PROPERTIES, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No.: 05-457-BH-M |
| | ) | |
| PROMENADE GROUP, L.L.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOM BAGLEY and LINDA ALEWINE, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**ORDER**

This matter is before the Court on Plaintiff Bagley Properties, LLC and Third-Party Defendants Tom Bagley and Linda Alewine's Motions (Docs. 12 & 19) to Dismiss or, in the alternative, for more definite statements of the Counterclaims/Third-Party Complaint.

Plaintiff Bagley Properties, LLC brought this action against Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs Promenade Group, LLC (hereinafter, Promenade) and Rose Phan, the sole member of Promenade, (collectively Promenade/Phan) seeking Declaratory Judgment as to $100,000 deposited in earnest pursuant to a purchase agreement executed between Bagley Properties and Promenade/Phan. (Compl., Doc. 1, p. 7). Plaintiff Bagley Properties also seeks the Court to declare that it has no further duties under the aforementioned purchase agreement in favor of Promenade/Phan or any

other parties.

In response to Bagley Properties's Complaint, Promenade/Phan filed a Counterclaim (Doc. 7) against Bagley Properties and a Third-Party Complaint (Doc. 9) against Linda Alewine and Tom Bagley.[1] Bagley Properties, LLC; Linda Alewine and Tom Bagley now submit their Motions to Dismiss Promenade/Phan's claims of Fraudulent Suppression and Fraudulent Misrepresentation for failure to state a claim upon which relief can be granted.[2]

As to the claims of Suppression and Fraudulent Misrepresentation, Bagley Properties, Bagley and Alewine similarly assert that such claims should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because Promenade/Phen have not and cannot plead them with the necessary particularity as required under Fed.R.Civ.P. 9(b). Though Promenade/Phen have made some assertions regarding alleged improper conduct by Bagley Properties, Bagley and Alewine in the "Recitals" and "General Allegations" sections of their Counterclaim and Third-Party Complaint, the application of these assertions to their claims, as far as presenting each claim with the required particularity, is deficient. Despite the Court's finding that Promenade/Phen's claims of Fraudulent Misrepresentation and Suppression do not satisfy the level of particularity required under Fed.R.Civ.P. 9(b), Plaintiff Bagley Properties, LLC and Third-Party Defendants Tom Bagley and Linda Alewine's Motions (Docs. 12 & 19) **are due to be and hereby**

---

[1] Dr. Tom Bagley is the principal member of Bagley Properties, LLC (Compl., ¶10) and Linda Alewine is alleged to have prepared the disputed purchase agreement between Plaintiff Bagley Properties, LLC and Promenade/Phan (Third-Party Compl., Doc. 9, ¶12).

[2] In their Counterclaim against Bagley Properties, LLC, Promenade/Phan assert four causes of action including 1) Breach of Contract, 2) Fraudulent Misrepresentation, 3) Suppression and 4) Conversion. In their Third-Party Complaint against Tom Bagley and Linda Alewine, Promenade/Phan assert three causes of action including 1) Fraudulent Misrepresentation, 2) Suppression and 3) Conversion.

**DENIED**.  However, Defendants/Counterclaim Plaintiffs/Third-Party Plaintiffs Promenade Group, LLC and Rose Phen must **RE-PLEAD** their Counterclaims and Third-Party Complaint with sufficient particularity such that they adhere to the prevailing standards under the law.  Promenade and Phen must file their amended Counterclaims and Complaint **on or before October 3, 2005**.  Failure to do so will result in a dismissal of these claims.

      **So ORDERED**, this 19th day of September, 2005.


                              <u>s/ W. B. Hand</u>
                             SENIOR DISTRICT JUDGE